Eugene Y. Turin (IL Bar No. 6317282)
(*pro hac vice* to be submitted)
eturin@mcgpc.com
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895

Deval R. Zaveri (CA Bar No. 213501)
dev@zaveritabb.com
ZAVERI TABB, APC
402 West Broadway, Suite 1950
San Diego, CA 92101
Tel: (619) 831-6987
Fax: (619) 239-7800

*Attorneys for Plaintiff and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY SAUNDERS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FIVESTARS LOYALTY, INC., a California Corporation<br><br>Defendant. | Case No. **'17 CV0702 CAB AGS**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.)**<br><br>DEMAND FOR JURY TRIAL |

Class Action Complaint

# CLASS ACTION COMPLAINT

Plaintiff Kelly Saunders ("Plaintiff") brings this class action complaint individually and on behalf of all others similarly situated, and, through her undersigned counsel, complains against Defendant FiveStars Loyalty, Inc. ("FiveStars" or "Defendant") to stop Defendant's practice of sending unsolicited text message advertisements to cellular telephones, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, based on, among other things, the investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. In a misguided effort to promote its customers' businesses Defendant engaged in an especially invasive form of marketing: the transmission of unauthorized advertisements in the form of text message calls to the cellular telephones of unwitting consumers throughout the nation.

2. By effectuating these unauthorized text message advertisements ("wireless spam"), Defendant has violated consumers' statutory rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam, incur a usage allocation deduction from the total number of text messages allowed under their cell phone plan, or pay a fixed or variable usage fee.

3. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. §

Class Action Complaint 2

227") (the "TCPA"), which prohibits unsolicited text message advertisements to cell phones.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease sending all unauthorized automated text messages, an award of the greater of actual or statutory damages to the class, together with costs and reasonable attorneys' fees, as well as pre-judgment interest from the date of filing this suit.

## PARTIES

5. Plaintiff is a citizen and a resident of Nevada.

6. Defendant FiveStars Loyalty, Inc. is a California Corporation with its principal place of business located in San Francisco, California. A provider of digital marketing services and customer loyalty programs, Defendant does business throughout the United States, including in this District.

## JURISDICTION & VENUE

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

8. This Court has personal jurisdiction over Defendant because Defendant does business in this District.

9. Venue is proper in the Southern District of California, because Defendant conducts business in this District, and because a substantial part of the events concerning the conduct at issue occurred in this District, as the unauthorized text message calls originated from a short code utilized by Defendant in this District.

## COMMON ALLEGATIONS OF FACT

10. One of the newer types of inexpensive marketing is text messages that are delivered in bulk through "short codes." The term "short code" refers to a messaging system that allows mobile marketing providers such as

Class Action Complaint 3

Defendant, and other businesses, to transmit short text messages (usually limited to 160 characters) *en masse* to consumers' cellular telephones with minimal effort, expense and oversight.

11.  Short codes are regularly utilized by marketing and advertising companies – such as Defendant FiveStars – to send generic text messages advertising their customers' services, goods and promotions to thousands of consumers instantaneously.

12.  Unlike more conventional advertisements, text message advertisements sent via short codes invade consumers' privacy and can actually cost recipients money, because cell phone users like Plaintiff have to pay their respective wireless service providers for each text message call they receive, incur a usage allocation deduction to their text plan, or pay a fixed or variable usage fee, regardless of whether or not the message is authorized.

13.  In addition, wireless spam is particularly invasive because when such text message calls are made the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, text message calls may be received by the called party virtually anywhere worldwide, at anytime.

14.  Beginning at least as early as 2014, Defendant has caused the mass transmission of wireless spam to the cell phones of individuals it hoped were potential purchasers of its customers' products and services.

15.  For instance, on or about January 13, 2017, Plaintiff's cellular telephone rang, indicating that a text call was being received.

16.  The "from" field of the transmission was identified cryptically as "578277," which is a short-code owned and operated by Defendant and/or its agents. The body of the text message read:

Hurry for best selection. Hundreds of items to choose from. Centennial location only. Reply YES to claim. Exp 1/27.
Text OFF to stop

17. The use of an SMS short code by Defendant and its agents enabled Defendant's mass transmission of wireless spam, including the above text message, to a list of hundreds or thousands of cellular telephone numbers instantaneously.

18. At no time did Plaintiff provide any consent, including any prior express written consent, to receive the above-referenced message or any other such wireless spam from Defendant, its agents, or customers.

19. The unauthorized text message advertisement received by Plaintiff invaded her privacy, constituted a nuisance, interfered with her unrestricted use of her cell phone, including taking up memory storage space, and required her to spend time reviewing and deleting the message from her cell phone.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a nationwide class (the "Class") defined as: All persons in the United States and its Territories who, since October 16, 2013, were sent one or more text message advertisements from Defendant on their cellular telephones and for whom Defendant does not have a record of any prior express written consent to receive such messages.

21. Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

22. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on

behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

23. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable; (b) absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and would have no effective remedy; and (c) the class treatment of common questions of law and fact conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

24. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

25. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct alleged herein.

26. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited, to the following:

    (a)    Did Defendant and/or its agents send one or more text message advertisements to the members of the Class?

  (b) Did Defendant and/or its agents use an automatic telephone dialing system to transmit the text message advertisements at issue?

  (c) Did Defendant and/or its agents transmit text message advertisements after October 16, 2013, to persons who did not previously provide Defendant with prior express written consent to receive such messages?

  (d) Did the text message advertisements distributed by Defendant violate the TCPA?

  (e) Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

  (f) Should Defendant be enjoined from engaging in such conduct?

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227) on behalf of Plaintiff and the Class

27. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28. Defendant sent unsolicited and unauthorized text message advertisements, including the message identified in Paragraph 16 above, to a list of wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

29. These text message advertisements were generic, did not contain any individualized content, and were sent using an automated system that transmitted the text messages *en masse* without human intervention from a short code registered to Defendant and/or its agents. In fact, Defendant specifically

notes on its website that it "automatically send[s] marketing & promotions to your members" and that Defendant "take[s] care of your customer needs with our AutoPilot product. AutoPilot sends automated mobile app, text message, and email campaigns[.]"

30. These text message advertisements were sent without the prior express written consent of the Plaintiff and the other members of the Class

31. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Class have had their privacy rights violated, have suffered statutory and actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

32. To the extent Defendant knew or should have known that the class members did not provide prior express written consent to be sent the text message advertisements at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of the greater of statutory or actual damages;
3. An injunction requiring Defendant to cease sending all unauthorized automated text messages via SMS short codes;
4. Pre-judgment interest from the date of filing this suit;
5. An award of reasonable attorneys' fees and costs; and
6. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 6, 2017

Respectfully submitted,

MCGUIRE LAW, P.C.
ZAVERI TABB, APC

By: s/ Deval R. Zaveri
　　　Deval R. Zaveri

*Attorneys for Plaintiff Kelly Saunders and the Putative Class*

Email: dev@zaveritabb.com

**Class Action Complaint**　　　9